NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMIE RUTH FAIZ-FAHMY, *Appellant.*

No. 1 CA-CR 21-0544
FILED 8-2-2022

Appeal from the Superior Court in Yavapai County
No. P1300CR202000090
The Honorable Debra R. Phelan, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Nicole Countryman Attorney at Law, Phoenix
By Nicole Countryman
*Counsel for Appellant*

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Paul J. McMurdie and Judge Angela K. Paton joined.

**G A S S**, Vice Chief Judge:

¶1         Jamie Ruth Faiz-Fahmy appeals her conviction and probation grant under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Faiz-Fahmy's counsel searched the record and identified no arguable, non-frivolous question of law. Counsel asks this court to review the record for fundamental error. This court gave Faiz-Fahmy an opportunity to file a supplemental brief *in propria persona*. She has not done so. Because we find no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2         This court views the facts in the light most favorable to sustaining the jury's verdict and resolves all reasonable inferences against Faiz-Fahmy. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3         In 2019, the State charged Faiz-Fahmy with four felonies. In December 2019, the superior court held a status conference. Faiz-Fahmy was present. The superior court set a status conference for January 13, 2020, and told Faiz-Fahmy she had to appear at that January status conference. Faiz-Fahmy responded "okay" but failed to appear.

¶4         A grand jury indicted Faiz-Fahmy for failure to appear in the first degree, a class 5 felony. *See* A.R.S. § 13-2057.A. Following a trial, a jury convicted Faiz-Fahmy of the charged offense. The superior court suspended the imposition of a sentence and placed Faiz-Fahmy on two years of supervised probation.

¶5         Faiz-Fahmy timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and 13-4033.A.1.

## ANALYSIS

¶6         This court has read and considered counsel's brief and fully reviewed the record for fundamental, reversible error and finds none. *See Leon*, 104 Ariz. at 300; *State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011).

¶7         All the superior court's proceedings complied with the Arizona Rules of Criminal Procedure. The record shows Faiz-Fahmy was present for, and represented by counsel at, all critical stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). Based on the parties' stipulation, the superior court empaneled a jury of eight jurors and one alternate. *See* A.R.S. § 21-102.B. The record shows no evidence of jury misconduct. The superior court properly instructed the jury on the elements of the charged offense, the

State's burden of proof, and Faiz-Fahmy's presumed innocence. Additionally, the superior court gave Faiz-Fahmy an opportunity to speak at sentencing, though counsel advised her not to do so. And the superior court acted within its statutory authority when it suspended Faiz-Fahmy's sentence and imposed two-years' probation. *See* Ariz. R. Crim. P. 26.9, 26.10(b)(1); A.R.S. §§ 13-2507.A, -702.D, -902.A.4.

## CONCLUSION

**¶8** We affirm Faiz-Fahmy's conviction and probation grant.

**¶9** Defense counsel's obligations pertaining to Faiz-Fahmy's representation in this appeal have ended. Defense counsel need do no more than inform Faiz-Fahmy of the outcome of this appeal and her future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *See State v. Shattuck,* 140 Ariz. 582, 584–85 (1984).

**¶10** Faiz-Fahmy has thirty days from the date of this decision to proceed, if she wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. This court, on its own motion, also grants Faiz-Fahmy thirty days from the date of this decision to file an *in propria persona* motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.



AMY M. WOOD • Clerk of the Court
FILED:    AA

3